**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| SUSSEX COUNTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2021-0226-BWD |
| | ) |
| PATRICIA AROST, JULIET TATE, | ) |
| SAMANTHA AROST, MARTHA | ) |
| ANN PARRIES and LESLIE | ) |
| FREEMAN, JR., | ) |
| | ) |
| Defendants. | ) |

## ORDER RESOLVING MOTION TO COMPEL

WHEREAS:

A.     On March 16, 2021, plaintiff Sussex County ("Plaintiff") initiated this action through the filing of a Verified Complaint (the "Complaint"). The Complaint alleges that defendants Patricia Arost, Juliet Arost, Samantha Arost, Martha Ann Parries, and Leslie Freeman, Jr. (collectively, "Defendants") have violated the Sussex County Code by storing unregistered, inoperable vehicles on six parcels of land in Lincoln, Delaware. Verified Compl. [hereinafter, "Compl."] ¶ 10, Dkt. 1. According to the Complaint, beginning in the 1950s, three of those six parcels—the "Old State Road Properties"—"were the home to Freeman Auto Salvage and received nonconforming recognition when zoning ordinances were adopted in the future years[,]" but "at some point several years ago, Defendants discontinued using the property as a business but continue to store inoperable, dismantled, wrecked, and

unregistered vehicles on the property." Compl. ¶ 16. Three other parcels—the "Fleatown Road Properties"—are zoned for residential use and "[t]here is no history of a business or other activity . . . that would make [them] exempt to the current zoning laws," yet "over 23 inoperable vehicles" have accumulated on the properties in violation of the Sussex County Code. *Id.* ¶¶ 24-25. Premised on those allegations, the Complaint asserts claims for public nuisance and violations of the Sussex County Code. *Id.* ¶¶ 30-61. Plaintiff seeks an order directing Defendants to remediate the alleged violations or, if Defendants fail to do so, permitting Plaintiff to hire a contractor to perform the remediation and charge Defendants for the cost of the work. *Id.* ¶¶ 11, 47-48, 59-60. Plaintiff also seeks to enjoin Defendants from operating the properties "with active nuisance conditions after they are remediated." *Id.* ¶ 61.

B.    On November 19, 2021, Defendant Leslie Freeman, Jr. filed an Answer and Affirmative Defense[s] to the Complaint (the "Answer"). Defs.' Ans. to Pl.'s Compl. and Affirmative Defenses [hereinafter, "Ans."], Dkt. 24. The Answer raises as an affirmative defense that "Freeman's Auto Salvage is conducting lawful business under a current State of Delaware business license and is designated as nonconforming because of its operational longevity within Sussex County." *Id.* at 10; *see also id.* at 1 (asserting that Freeman Auto Salvage "has been maintained and operational" from the 1950s "to present" and that "Freemans' Auto Salvage falls

2

under the umbrella of nonconforming" use).  The Answer also raises as an affirmative defense that the "Sussex County Code Department is actively practicing disparate code enforcement directed negatively toward minority business owners." *Id*. at 9; *see also id*. at 1 (asserting that Plaintiff has engaged in a "repeated disparate practice" of enforcing Code violations against "minority-owned businesses in Sussex County while nearby non-minority owned properties continue to operate under even more deplorable conditions").

C.     On June 2, 2022, Plaintiff served its First Set of Document Requests to Defendants (the "Document Requests") and its First Set of Interrogatories to Defendants (the "Interrogatories").  Dkts. 31-32.[1]

D.     On July 26, 2022, Plaintiff filed a Motion to Compel Responses to Discovery (the "Motion").  Pl.'s Mot. To Compel Resps. To Disc. [hereinafter, "Mot."], Dkt. 34.  Defendants have not filed an opposition to the Motion.

E.     On July 28, 2022, Vice Chancellor Glasscock appointed Tasha Stevens-Gueh, Esquire (the "Special Master") to act as a Special Master for the purposes of "(1) reporting to the Court regarding current conditions at the subject properties as compared to the allegations in the Complaint and (2) recommending a decision on the Motion."  Dkt. 36 ¶ 1.  On December 20, 2022, the Special Master filed a report

---

[1] The Document Requests and the Interrogatories are attached as Exhibit A to the Motion. Each request in the Document Requests is cited herein as "Document Request No. __" and each interrogatory in the Interrogatories is cited herein as "Interrogatory No. __".

addressing the condition of the properties and the Motion. Dkt. 39. On July 25, 2023, Plaintiff filed a letter responding to the Special Master's report. Dkt. 42.

F.     This action was reassigned to me on January 19, 2024. Dkt. 43. On January 22, 2024, I directed the parties to "confirm whether (1) the Motion is still pending in all respects, or if any aspect of the Motion has been resolved or otherwise mooted; and (2) any party requests oral argument, or if I should consider the Motion submitted for resolution." Dkt. 44.

G.     On January 26, 2024, Plaintiff filed a letter requesting a ruling on the Motion without oral argument. Dkt. 45 at 2. On January 29, 2024, Defendant Leslie Freeman, Jr. filed a letter asking the Court to review Defendants' prior correspondence with the Special Master. Dkt. 46.

H.     Court of Chancery Rule 26(b) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Ct. Ch. R. 26(a). "The threshold issue under Rule 26(b) is relevance." *In re Côte d'Azur Est. Corp.*, 2022 WL 17574747, at *8 (Del. Ch. Dec. 12, 2022). "Although the scope of discovery is broad, it is not limitless. This court 'may exercise its sound discretion in delineating the appropriate scope of discovery.'" *Brown v. Matterport, Inc.*, 2023 WL 3830501, at *1 (Del. Ch. June 5, 2023) (citation omitted). The Court may limit discovery "upon its own initiative after reasonable notice . . . ." Ct. Ch. R. 26(b)(1).

4

NOW, THEREFORE, IT IS HEREBY ORDERED, this 31st day of January, 2024, as follows:

1.     Document Request Nos. 1, 23, 24, and 25[2] and Interrogatory Nos. 1, 2, 16, and 17[3] seek basic information concerning the identity of individuals with information relevant to the action and trial preparation.  The Motion is GRANTED as to these requests.

---

[2] *See* Document Request No. 1 ("All documents referred to, relied upon or referenced in Your Answer."); Document Request No. 23 ("All documents you intend to rely upon at trial or in any briefs to be filed in this case."); Document Request No. 24 ("All documents relied upon by Your expert(s) in drafting their report(s) submitted in this case."); Document Request No. 25 ("All other documents referring, relating or referencing any of the matters alleged in the Complaint and Answer that have not been requested.").

[3] *See* Interrogatory No. 1 ("Identify each person who provided information or otherwise consulted or assisted you in connection with providing answers to these interrogatories, including an identification of the specific interrogatories for which each person supplied information or consulted or assisted, the nature of any such consultation or assistance, and whether the information supplied was based on personal knowledge."); Interrogatory No. 2 ("Identify each person who provided information or otherwise consulted or assisted you in connection with providing information used in the Answer, including an identification of the specific paragraph of the Answer for which each person supplied information or consulted or assisted, the nature of any such consultation or assistance, and whether the information supplied was based on personal knowledge."); Interrogatory No. 16 ("Please identify all witnesses you intend to call at trial in this case.").

Interrogatory No. 17 asks that Defendants "identify any expert witness you have consulted with or intend to call at trial in this case."  Defendants must identify any expert they expect to call as an expert witness at trial, but they are not required to identify any expert witness they have consulted.  *See* Ct. Ch. R. 26(b)(4)(A)(i) ("A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.").

2.      Document Request Nos. 15, 18, and 21[4] seek information relevant to Plaintiff's claims that Defendants have violated the Sussex County Code at the subject properties.  The Motion is GRANTED as to these requests.

3.      Document Request Nos. 9 through 13 and 22[5] and Interrogatory Nos. 9 through 11[6] seek information relevant to Defendants' defense that Plaintiff is selectively enforcing Sussex County Code violations.  Document Request Nos. 2, 3,

---

[4] *See* Document Request No. 15 ("All documents referring, reflecting or relied upon to support your position in the Answer that you have responded to Sussex County requests regarding the Properties."); Document Request No. 18 ("All documents showing Your efforts to remediate the Properties."); Document Request No. 21 ("All photographs, drawings, diagrams or other graphic illustrations of the Properties in their current condition.").

[5] *See* Document Request No. 9 ("All documents or other proof you have that supports Your claim in the Answer that 'this is a repeated disparate practice applied to minority-owned business in Sussex County.'"); Document Request No. 10 ("All documents or other proof you have that supports Your claim in the Answer that 'non-minority owned properties continue to operate under even more deplorable conditions.'"); Document Request No. 11 ("All documents supporting Your contention in the Answer that Sussex County shut down another minority owned auto salvage business."); Document Request No. 12 ("All documents supporting Your contention in the Answer that Sussex County is trying to close down a minority owned boat yard and another repair shop."); Document Request No. 13 ("All documents referring, reflecting or relying upon to support Your suggestions in the Answer that Sussex County's 'investigation and prosecutions are disparate and perpetuate institutional racism.'"); Document Request No. 22 ("All documents supporting Your defenses asserted in this case.").

[6] *See* Interrogatory No. 9 ("Please identify the names of the non-minority owned properties that you claim continue to operate under even more deplorable conditions than the Properties."); Interrogatory No. 10 ("Please identify the name of the minority owned auto salvage business You claim in the Answer that Sussex County has attempted to or has shut down."); Interrogatory No. 11 ("Please identify the name of the minority owned boat yard and another repair shop that you contend Sussex County tried to close down.").

7, 8, 14, 16, 19, and 20[7] and Interrogatory Nos. 3 and 7[8] seek information relevant to Defendants' defense that they are conducting a business with a nonconforming use. The Motion is GRANTED as to these requests.

4. Document Request Nos. 4 through 6 and 17[9] also seek information that is marginally relevant to Defendants' defense that they are conducting a business with a nonconforming use. However, to the extent these requests are not duplicative

---

[7] *See* Document Request No. 2 ("Copies of any business licenses issued by the State of Delaware and any County or municipality for the Properties."); Document Request No. 3 ("Copies of all other documents you are relying upon to show you have been operating an auto salvage business since the early 1950s as stated in Your Answer."); Document Request No. 7 ("All documents You are relying upon or reference Your claim in the Answer that you have maintained a nonconforming use on the Properties."); Document Request No. 8 ("All documents that refer to or reflect your claim in your Answer that 'Code Enforcement repeatedly wrongfully cites Residential Codes to our nonconforming licensed Auto Salvage Business.'"); Document Request No. 14 ("All written communication (letters, emails, text messages, etc.) between You and anyone representing Sussex County regarding the use of the Properties in the past five (5) years."); Document Request No. 16 ("All documents You intend to rely upon in this case demonstrating that the auto salvage business is 'operational' as stated in the Answer."); Document Request No. 19 ("All documents referring, reflecting or relating to Your claim in the Answer that the auto salvage business 'has been and continues to be in legal operation.'"); Document Request No. 20 ("All other documents providing that the Properties are not in violation of the Sussex County Code.").

[8] *See* Interrogatory No. 3 ("Please identify all years over the past ten (10) years that you have held a business licenses issued by the State of Delaware and any County or municipality for the Properties."); Interrogatory No. 7 ("Please state the total revenue you obtained from operating an auto salvage business over the past ten (10) years on the Properties.").

[9] *See* Document Request No. 4 ("All financial documents for the operating of the business on the Properties for the past 10 years."); Document Request No. 5 ("A list of all clients of the auto salvage business over the past ten (10) years."); Document Request No. 6 ("Copies of financial ledgers for the operation of the auto salvage business on the Properties over the past ten (10) years."); Document Request No. 17 ("Copies of all registrations for the vehicles stored on the Properties.").

of other requests, they are overbroad and would impose a burden on Defendants that is not proportional to the needs of this case. The Motion is DENIED as to these requests.

5. Interrogatory Nos. 4 through 6 and 12 through 15[10] seek information that is relevant to the claims and defenses in this action but would impose a burden on Defendants that is not proportional to the needs of this case. In addition, Interrogatory No. 8[11] is awkwardly drafted and confusing. Under the circumstances, the subject matter of these requests can be explored more efficiently through depositions. The Motion is DENIED as to these requests.

6. It appears from correspondence submitted with the Motion that Mr. Freeman believes a two-year statute of limitations bars Plaintiff's request for

---

[10] *See* Interrogatory No. 4 ("Please explain in detail the daily operation of the auto salvage business on the Properties."); Interrogatory No. 5 ("Please provide the name and address of all clients over the past three (3) years."); Interrogatory No. 6 ("Please provide a list of all clients of the auto salvage business over the past five (5) years."); Interrogatory No. 12 ("Please explain in detail Your suggestions in the Answer that Sussex County's 'investigation and prosecutions are disparate and perpetuate institutional racism.'"); Interrogatory No. 13 ("Please explain in detail the basis for your allegation in the Answer that non-minority businesses and residential properties do not appear to endure the same threats, citations, and prosecution from Sussex County Code Enforcement to comply or have their lands taken from them."); Interrogatory No. 14 ("Please explain in detail the basis for Your allegation in the Answer Sussex County Code Enforcement is disparate and perpetuate institutional racism."); Interrogatory No. 15 ("Please explain all of the defenses asserted in the Answer.").

[11] *See* Interrogatory No. 8 ("Please identify the dates of all documents from Sussex County Code Enforcement which you claim repeatedly, wrongfully cites Residential Codes to our non-conforming licensed Auto Salvage Business.").

documents that are more than two years old. *See* Mot., Ex. G. A statute of limitations bars legal claims asserted after a specified period; it has no bearing on the time frame for the discovery sought here. The time periods identified in Plaintiff's discovery requests are reasonable.

7. Within thirty days of the date of this Order, Defendants shall produce documents in response to the Document Requests and provide substantive responses to the Interrogatories for which the Motion has been granted.

8. The parties are directed to meet and confer on a case schedule and to contact chambers for potential trial dates.

9. This Order is a final report under Court of Chancery Rules 143 and 144. In the interest of judicial and litigant economy, exceptions are stayed pursuant to Court of Chancery Rule 144(f).

/s/ Bonnie W. David

Bonnie W. David
Magistrate in Chancery

9